***********
The Full Commission reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Morgan S. Chapman and the briefs before the Full Commission and found that the appealing party has shown good ground to reconsider the evidence in this matter. Having reconsidered the evidence of record, the Full Commission reverses the Deputy Commissioner's Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. Employee is James Phillips.
2. Employer is Don Herr Construction Company.
3. The carrier on the risk is Interstate Insurance Company.
4. Defendant-employer regularly employs three or more employees and is bound by the North Carolina Workers' Compensation Act. An employer/employee relationship existed between the employer and employee on January 28, 1999.
5. On January 25, 1999, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer.
In addition, the parties stipulated into evidence the following:
1. Form 22 dated October 22, 1999.
2. Packet of documents, including medical reports and statements, labeled exhibits 1 thru 8 and indexed.
The pre-trial agreement dated March 3, 2000, which was submitted by the parties, is incorporated by reference.
 ***********
Based upon all of the competent evidence in the record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff, who was forty years old at the time of the hearing before the Deputy Commissioner and who has a ninth grade education, began working for defendant in October 1998 as a carpenter and carpenter's helper. Defendant performed residential construction work.
2. On January 5, 1999, plaintiff was putting up ceiling joists in a house under construction. While standing on a platform two to three feet above the floor and reaching up to hammer a nail into a ceiling joist, he lost his balance and fell backwards, landing on his buttocks on some scrap pieces of lumber. He immediately experienced pain in his groin and buttock region, right inguinal pain, and he subsequently developed pain in his right leg. Mr. Herr was standing nearby when he fell and was aware of the fall. Plaintiff advised that he was in pain, so he was sent out to the porch to rest for a while. He subsequently resumed his work activities but was working noticeably slower than normal.
3. Plaintiff did not ask for medical treatment on January 25 because he thought the symptoms would resolve. However, on January 28, 1999, he went to the Outer Banks Medical Center with complaints of pain and swelling in his right testicle and pain in his buttock and right leg. Dr. Hoidal examined him and found that his right testicle was hard and swollen. Plaintiff denied direct groin trauma. Since there were several possible diagnoses, Dr. Hoidal referred him to Dr. Alvarez, a urologist, for evaluation. Dr. Alvarez ordered a scrotal ultrasound, which was normal, and then examined plaintiff on February 3, 1999. At that time the testicle and scrotal exam was normal and Dr. Alvarez did not recommend further treatment.
4. On February 6, 1999, plaintiff returned to Outer Banks Medical Center complaining of rectal bleeding. He was noted to have had the problem for five days. He was subsequently referred to Dr. Levine for evaluation regarding that problem. Dr. Levine performed an endoscopy which revealed no lesions in the colon but several internal hemorrhoids. Plaintiff was treated with suppositories and his condition improved.
5. Plaintiff returned to the Outer Banks Medical Center on March 26, March 28, April 2, and April 10, 1999 with complaints of sacral and coccyx pain. There was some question as to whether he had a contusion or an occult fracture of his coccyx, so he was referred to an orthopedic surgeon. If he ever saw an orthopedist, the notes were not placed into evidence. No further medical evidence was offered regarding any spinal injury. However, plaintiff apparently went to a Dr. Phillips in April and those medical records were not placed into evidence either. Dr. Phillips referred him to Dr. Carter, a general surgeon, who examined him on April 27, 1999. Dr. Carter found a small inguinal hernia on the right side and recommended surgery. On May 25, 1999, Dr. Carter performed surgery to repair the hernia found. There is no evidence of plaintiff ever having a hernia prior to the injury on January 25, 1999.
6. The Full Commission finds as fact that on January 25, 1999 plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant. The fact that he fell from the platform and landed on some lumber constituted an unusual occurrence which interrupted his regular work routine. As a result of the accident, he injured his right testicle and developed buttock and right leg pain as well as right inguinal pain that was found to be a hernia. However, the internal hemorrhoids for which he was subsequently treated were not proven to have been a proximate result of the accident.
7. Dr. Carter found a small inguinal hernia upon examining plaintiff. When asked if a hernia can result from a traumatic incident, Dr. Carter testified, and the Full Commission finds as fact, "absolutely." Neither Dr. Hoidal nor Dr. Alvarez found a hernia when they examined plaintiff shortly after the accident. Dr. Carter testified, and the Full Commission finds as fact, that "when someone has a traumatic injury, he could very well have a very small tear that resulted in a small hernia that might not be more — he might have had pain and symptoms, but on physical exam, he might not have been able to find it for months." Dr. Carter testified, and the Full Commission finds as fact, that a small tear resulting in a hernia is difficult to find on physical examination in comparison to a hernia that results in a bulge that is usually easy to see.
8. The stipulated Form 22 shows February 11 as the last day plaintiff worked. As a result of the January 25, 1999 injury by accident, plaintiff was unable to work from February 12 through September 14, 1999. Dr. Carter testified, and the Full Commission finds as fact, that plaintiff was released to full duty work with no restrictions following his appointment with Dr. Carter on September 14, 2001.
9. Plaintiff was clearly disabled for a period of time due to his hernia operation and that disability was proven to have been the result of his injury at work in January. Dr. Carter testified, and the Full Commission finds as fact, that the fall that occurred on January 25, 1999 "absolutely" could have caused the hernia which he had to repair surgically. Although Dr. Hoidal found no palpable hernia on examination, he testified that the hernia could have resulted from the injury plaintiff sustained on January 25, 1999 and testified that he was not surprised by Dr. Carter finding the hernia based on Dr. Carter's note indicating the hernia was very small.
10. The Form 22 shows an average weekly wage of $355.81, yielding a compensation rate of $237.22.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. On January 25, 1999, plaintiff sustained an injury by accident arising out of and in the course of his employment which resulted in an injury to his right testicle and the onset of buttock and right leg pain. N.C. Gen. Stat. § 97-2 (6)
2. Plaintiff has proved that the injury by accident on January 25, 1999 resulted in a compensable hernia. N.C. Gen. Stat. § 97-2(18).
3. Plaintiff is entitled to temporary total disability compensation from February 12, 1999 through September 14, 1999. N.C. Gen. Stat. §97-29.
4. Plaintiff is entitled to have defendants provide all medical compensation arising from this injury by accident. However, defendants are not liable for treatment rendered for his internal hemorrhoids or his pre-existing gastrointestinal problems. Otherwise, the treatment provided at the Outer Banks Medical Center and by Dr. Alvarez is compensable. N.C. Gen. Stat. § 97-2(19); N.C. Gen. Stat. § 97-25.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. This claim is compensable insofar as plaintiff has claimed benefits for testicle, buttock and right leg symptoms, and inguinal hernia.
2. Plaintiff's claim for benefits for his internal hemorrhoids is denied.
3. Defendants shall pay plaintiff temporary total disability benefits for February 12, 1999 through September 14, 1999, subject to an attorney's fee approved below. These amounts have accrued and shall be paid in a lump sum, subject to the attorney's fee approved below.
4. Defendants shall pay for all medical treatment arising from this injury by accident, including the treatment by the Outer Banks Medical Center and Dr. Alvarez except as to treatment rendered for the unrelated conditions.
5. An attorney's fee in the amount of twenty-five percent of the compensation awarded plaintiff is hereby approved and shall be deducted from the aforesaid award and paid directly to plaintiff's counsel.
6. Defendants shall pay the costs.
This 10th day of December 2001.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
DISSENTING IN PART AND CONCURRING IN PART:
 S/______________ RENE C. RIGGSBEE COMMISSIONER